JODI SIEGNER, Esq., Bar No. 102884
Email Address: jsiegner@deconsel.com
JOSHUA KLUGMAN, Esq., Bar No. 236905
Email Address: jklugman@deconsel.com
members of DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California  90071-1706
Telephone:  (213) 488-4100
Telecopier:  (213) 488-4180

FILED
CLERK U.S. DISTRICT COURT

OCT - 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

Attorneys for Plaintiffs, CARPENTERS SOUTHWEST
ADMINISTRATIVE CORPORATION and BOARD OF
TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS, <br><br> Plaintiffs, <br><br> v. <br><br> NO SUNG PAK, individually and doing business as PAK'S CABINET, a sole ownership, also known as PAK'S CABINETS; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. CV13-07300 -JEM <br><br> COMPLAINT FOR: <br><br> 1. DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS; and <br><br> 2. DAMAGES FOR FAILURE TO PAY CONTRACTOR'S LICENSE BOND |

## JURISDICTION

1.     This is a civil action 1) to recover fringe benefit contributions and

liquidated damages, and 2) to recover on a contractors license bond. This action

arises and jurisdiction of the court is founded on section 301 of the

1   Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C.
2   §185a, and Sections 502 and 515 of the Employee Retirement Income Security Act
3   of 1974, as amended ("ERISA"), 29 U.S.C. § 1132 and 1145.  The court has
4   jurisdiction over the Second Claim for Relief pursuant to its supplemental
5   jurisdiction under 28 U.S.C. §1367 .

6                              **PARTIES AND OTHERS**

7      2.      CARPENTERS SOUTHWEST ADMINISTRATIVE
8   CORPORATION, a California non-profit corporation ("CSAC") is a non-profit
9   corporation duly organized and existing under and by virtue of the laws of the State
10  of California.  CSAC's principal place of business is in the County of Los Angeles,
11  State of California.

12     3.      At all relevant times herein, the BOARD OF TRUSTEES FOR THE
13  CARPENTERS SOUTHWEST TRUSTS were and now are fiduciaries and are duly
14  authorized and acting trustees of those ERISA Trust Funds defined in paragraph
15  six.

16     4.      CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS
17  SOUTHWEST TRUSTS are also authorized agents to act on behalf of the
18  remaining Funds and entities (defined in paragraph nine) with respect to these
19  delinquencies.  CSAC and BOARD OF TRUSTEES FOR THE CARPENTERS
20  SOUTHWEST TRUSTS are sometimes collectively referred to as "PLAINTIFFS."

21     5.      The true names and capacities, whether individual, corporate,
22  associate, or otherwise, of defendants named herein as DOES 1 through 10, are
23  unknown at this time to PLAINTIFFS.  PLAINTIFFS therefore sue the defendants
24  by such fictitious names, and PLAINTIFFS will amend this complaint to show their
25  true names and capacities when the same has been ascertained.  PLAINTIFFS are
26  informed and believe and thereon allege that each of the fictitiously named
27  defendants is responsible in some manner for the occurrences herein alleged, either
28  through its own conduct, or through the conduct of its agents, servants and/or

                                         2

1   employees, or in some other manner as yet unknown, and that PLAINTIFFS'

2   damages as herein alleged were proximately caused by those defendants.

3        6.      At all relevant times Southwest Carpenters Health and Welfare Trust,

4   Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and

5   Southwest Carpenters Training Fund, were and are express trusts which exist

6   pursuant to section 302 of the LMRA, 29 U.S.C. §186, and multiemployer plans

7   within the meaning of section 3 of ERISA, 29 U.S.C. §1002.

8        7.      At all relevant times the Construction Industry Advancement Fund of

9   Southern California, the Residential Housing Contract Administration Trust Fund,

10   the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract

11   Administration Trust for Carpenter-Management Relations, were and are express

12   trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. §186.

13        8.      At all relevant times the Carpenters-Contractors Cooperation

14   Committee ("CCCC"), was and is a non-profit California corporation which exists

15   pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92

16   Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29

17   U.S.C. § 186(c)(9).

18        9.      CSAC is the administrator of Southwest Carpenters Health and

19   Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation

20   Trust, and Southwest Carpenters Training Fund, and assignee of the Construction

21   Industry Advancement Fund of Southern California, the Residential Housing

22   Contract Administration Trust Fund, the Contractors-Carpenters Grievance and

23   Arbitration Trust, the Contract Administration Trust for Carpenter-Management

24   Relations, and the Carpenters-Contractors Cooperation Committee (collectively, the

25   "PLANS"), and as such is a plan fiduciary within the meaning of section 3 of

26   ERISA, 29 U.S.C. §1002.

27        10.     The duly authorized and acting trustees or directors of each of the

28   PLANS have also assigned to CSAC all their right, title and interest in and to any

1 and all amounts due and owing to the respective PLANS by the employer as herein
2 alleged.

3     11.    Southwest Regional Council of Carpenters and its affiliated local
4 unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners
5 of America, are labor organizations that are a party to the collective bargaining
6 agreements involved.

7     12.    At all relevant times employer, NO SUNG PAK, individually and
8 doing business as PAK'S CABINET, a sole ownership, also known as PAK'S
9 CABINETS, and DOES 1 through 5 ("EMPLOYER"),  was and is an individual and
10 a contractor engaged in the construction industry within the jurisdiction of the
11 relevant UNIONS.

12     13.    At all relevant times, AMERICAN CONTRACTORS INDEMNITY
13 COMPANY, a California corporation, and DOES 6 through 10 ("AMERICAN
14 CONTRACTORS") is a California corporation authorized under the laws of the
15 State of California to act as a surety

**FIRST CLAIM FOR RELIEF**

**(DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT**
**CONTRIBUTIONS AGAINST NO SUNG PAK, INDIVIDUALLY**
**AND DOING BUSINESS AS PAK'S CABINET, A SOLE**
**OWNERSHIP, ALSO KNOWN AS PAK'S CABINETS;**
**and DOES 1 THROUGH 5; ("EMPLOYER"))**

22     14.    On or about the date set forth thereon, EMPLOYER made,
23 executed and delivered to the UNION, a Carpenters Memorandum Agreement,
24 dated February 7, 2011 ("MEMORANDUM AGREEMENTS").  A true and correct
25 copy is attached hereto, marked respectively as Exhibit "1"  and incorporated herein
26 by reference.

27     15.    The MEMORANDUM AGREEMENT binds EMPLOYER to the
28 terms and conditions of the Master Labor Agreement between the United General

1   Contractors Association, Inc., and the Southwest Regional Council of Carpenters,

2   and the United Brotherhood of Carpenters and Joiners of America, and the

3   UNIONS, dated July 1, 2006, as well as the appropriate Master Agreements

4   covering the States of Colorado, Nevada, Utah, New Mexico and Arizona, and any

5   renewals or subsequent Master Labor Agreements, and the PLANS' agreements and

6   any amendments, modifications, extensions, supplementations or renewals of the

7   PLANS' agreements (collectively referred to as "AGREEMENT"). The PLANS are

8   third party beneficiaries of the MEMORANDUM AGREEMENTS and Master

9   Labor Agreements.

10      16.      The Master Labor Agreement binds EMPLOYER to any renewals or

11  subsequent applicable Master Labor Agreements and the PLANS' AGREEMENTS

12  (collectively, the "AGREEMENTS").

13      17.      The AGREEMENTS require EMPLOYER to pay fringe benefit

14  contributions at the rates set forth therein for every hour worked by employees

15  performing services covered by the AGREEMENTS, and on account of all

16  compensation paid to employees performing services covered by the

17  AGREEMENTS.

18      18.      The AGREEMENTS require EMPLOYER to make the fringe benefit

19  contributions by way of Employers Monthly Reports ("REPORTS") to the PLANS

20  at their place of business in Los Angeles, California, on or before the 25th day of

21  each month following the month during which the hours for which contributions are

22  due were worked or paid. Further, the AGREEMENTS specifically provide that the

23  venue of an action to recover delinquent fringe benefit contributions shall be in the

24  County of Los Angeles.

25      19.      In acknowledging both that the regular and prompt payment of

26  employer contributions is essential to the maintenance of the PLANS, and the

27  extreme difficulty, if not impracticability, of fixing the actual expense and damage

28  to the PLANS when such monthly contributions are not paid when due, the

1    AGREEMENTS provide that the amount of contractual damages to the PLANS

2    resulting from a failure to pay contributions when due shall be presumed to be the

3    sum of $30.00 per delinquency or 10 percent of the amount of the contributions

4    due, whichever is greater.  This amount shall become due and payable to the CSAC

5    as liquidated damages in addition to the unpaid contributions or contributions paid

6    late.

7         20.      EMPLOYER engaged workers who performed services covered by the

8    AGREEMENTS and who performed labor on works of construction within the

9    jurisdiction of the PLANS' AGREEMENTS undertaken by EMPLOYER during the

10   term of the PLANS' AGREEMENTS.

11        21.      EMPLOYER has failed to pay the fringe benefit contributions in the

12   manner prescribed by the AGREEMENTS, and there is now due and owing the

13   PLANS from EMPLOYER the amounts set forth in Exhibit "2."

14        22.      The AGREEMENTS require EMPLOYER to pay for the expense of

15   auditing EMPLOYER's business records if an audit by the PLANS indicates that

16   EMPLOYER failed to report and pay all contributions.

17        23.      As a result of the failure to pay fringe benefit contributions in the

18   manner prescribed by the AGREEMENTS, EMPLOYER is liable for interest on the

19   unpaid contributions from the first of the month following the date due, at the rate

20   prescribed by the AGREEMENTS.

21        24.      The PLANS have conducted an Audit as set forth in Exhibit "3", which

22   indicate that EMPLOYER failed to report and pay all contributions owed during

23   this time period.  A true and correct copy of Audit Invoice No. 20018 (social

24   security numbers redacted) is attached as Exhibit "3".

25        25.      As a result of the failure to pay fringe benefit contributions in the

26   manner prescribed by the AGREEMENTS, EMPLOYER is liable for an amount

27   equal to the greater of interest on the unpaid contributions as prescribed by section

28   6621 of the Internal Revenue Code of 1954, 26 U.S.C. §6621, or liquidated

1    damages provided for under the AGREEMENTS.

2        26.      It has been necessary for PLAINTIFFS to engage counsel to bring this

3    action to recover the delinquent fringe benefit contributions.  Pursuant to the

4    AGREEMENTS and section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2),

5    EMPLOYER is liable for reasonable attorneys' fees incurred in litigating this

6    matter.

7        27.      The PLANS have complied with all conditions precedent.

8        28.      CSAC has, concurrently with the filing of this complaint, served a

9    copy of same upon the Secretary of Labor and Secretary of the Treasury.

10                          **SECOND CLAIM FOR RELIEF**

11              **(DAMAGES FOR FAILURE TO PAY CONTRACTOR'S**

12        **LICENSE BOND AGAINST AMERICAN CONTRACTORS**

13              **INDEMNITY COMPANY; and DOES 6 THROUGH 10**

14                        **("AMERICAN CONTRACTORS")**

15       29.      PLAINTIFFS reallege and incorporate herein by reference each and

16   every allegation contained in paragraphs 1 through 28 of its First Claim for Relief

17   and allege for a Second Claim for Relief against AMERICAN CONTRACTORS,

18   for failure to pay contractor's license bond.

19       30.      At all times herein mentioned, AMERICAN CONTRACTORS  was,

20   and now is, a corporation duly authorized under the laws of the State of California

21   and is purportedly authorized to transact a surety business in the State of California.

22       31.      On or about March 2, 2009, AMERICAN CONTRACTORS issued to

23   EMPLOYER, contractor's license bond, Bond Number SC6317519 in the penal

24   sums of $12,500.00.

25       32.      The bond was issued, inter alia, for the benefit of an express trust fund

26   established pursuant to a collective bargaining agreement to which an employer is

27   obligated to make fringe benefit payments.

28       33.      The PLANS were, and are now, express trust funds within the meaning

                                             7

1  of the contractors' license law of the State of California.

2     34.     Because EMPLOYER has breached its primary obligation by failing to

3  pay fringe benefit contributions, AMERICAN CONTRACTORS is liable for that

4  obligation to the maximum allowable by law.

5     35.     Despite a claim for payment by PLAINTIFFS, AMERICAN

6  CONTRACTORS has failed to pay.

7        WHEREFORE, PLAINTIFFS pray for judgment as follows:

8              **FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF**

9         **(DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT**

10              **CONTRIBUTIONS AGAINST EMPLOYER)**

11    1.  For contributions in the sum of $43,911.45;

12    2.  For interest and liquidated damages, as provided in the AGREEMENTS;

13    3.  For a statutory amount equal to the greater of the interest on unpaid

14  contributions which were owing as of the time of the filing of the complaint herein

15  (at the rate prescribed by law), or liquidated damages as provided in the

16  AGREEMENTS, in an amount to be determined.

17             **FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF**

18        **(DAMAGES FOR FAILURE TO PAY CONTRACTOR'S LICENSE**

19              **BOND AGAINST AMERICAN CONTRACTORS)**

20    1.  For unpaid contributions in the sum of $12,500.00 or the maximum allowed

21  on the bonds, whichever is greater;

22    2.  For interest on the unpaid contributions at the rate prescribed by law.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**AS TO ALL OF PLAINTIFFS' CLAIMS FOR RELIEF:**

1.    For reasonable attorneys' fees;

2.    For costs of this action;

3.    For further contributions according to proof; and

4.    For such other and further relief as the court deems proper.

Dated: October ___/___, 2013              DeCARLO & SHANLEY,
                                          a Professional Corporation


                                          By: _____
                                            JODI SIEGNER
                                            Attorneys for Plaintiffs, CARPENTERS
                                            SOUTHWEST ADMINISTRATIVE
                                            CORPORATION and BOARD OF
                                            TRUSTEES FOR THE CARPENTERS
                                            SOUTHWEST TRUSTS

## CARPENTERS MEMORANDUM AGREEMENT
## 2006-2012

It is agreed between the undersigned , ("Contractor"), and the Southwest Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America in the 12 Southern California Counties, namely, Los Angeles, Orange, San Diego, San Bernardino, Riverside, Imperial, Ventura, Santa Barbara, San Luis Obispo, Kern, Inyo and Mono, the State of Colorado, the State of Nevada, the State of Utah, the State of New Mexico and the State of Arizona , ("Carpenters' Union"), in consideration of services performed and to be performed by Carpenters for the Contractor, as follows:

1.     The Contractor agrees to comply with all the terms, including wages, hours, and working conditions and rules as set forth in the Agreement referred to as the Southern California Carpenters Master Labor Agreement between United General Contractors Association, Inc. (hereinafter the "Association") and the Southwest Regional Council of Carpenters and its affiliated Local Unions, United Brotherhood of Carpenters and Joiners of America, dated July 1, 2006, as well as the appropriate Master Agreements covering the States of Colorado, Nevada, Utah, New Mexico and Arizona, and any extensions, renewals or subsequent Master Labor Agreements, and the Agreements establishing: (1) the Southwest Carpenters Pension Trust, dated September 14, 1959; (2) the Southwest Carpenters Health & Welfare Trust, dated February 8, 1955; (3) the Southwest Carpenters Training Fund, dated May 1, 1960; (4) the Southwest Carpenters Vacation Trust, dated April 1, 1962; (5) the Contract Administration Trust Fund for Carpenters-Management Relations, dated October 1, 1986; (6) the Construction Industry Cooperation Committee, dated October 1, 1986; (7) the Acoustical Industry Advancement Fund; (8) the Carpenters Industry Advancement Fund of Southern California, dated September 19, 1972; and (9) the Independent Contractors Grievance and Arbitration Trust, dated September 1, 1980; (10) the Southern Nevada Carpenters Annuity Fund; (hereafter collectively referred to as the "Carpenters Trust Funds") and any amendments, modifications, extensions and renewals of such Agreements and the Trust Agreements and any agreements establishing other benefits or plans negotiated by the Carpenters' Unions and the Contractor Association signatory to such Master Labor Agreement.  Except as specifically excluded by this Memorandum Agreement, such Master Labor Agreements and Trust Agreements are specifically incorporated by reference and made a part of this Memorandum Agreement.

2.     The Contractor agrees to pay the Carpenters Trust Funds the sums in the amounts and manner provided for in the Master Labor Agreement and further agrees to be bound by the Trust Agreements and all amendments, modifications, extensions and renewals thereto.  The Contractor agrees to make a contribution to the Carpenters' International Training Fund and to the UBC Labor Management Education and Development Fund, as allocated by the Union from negotiated wage increases.  These contributions will be collected with the existing contributions to the Carpenters Health & Welfare Trust, the Carpenters Apprenticeship Trust and/or the Carpenters Contractors Cooperation Committee, or other Carpenter funds, as allocated by the Union.  The Employer agrees to be bound to the Agreements and Declarations of Trust for the

EXHIBIT NO. ___1___
PAGE NO. ___10___

International Funds as they exist and as they may be amended or restated, and to such rules and regulations as adopted by the Trusts. Upon request the employer may receive the latest annual report prepared for the Funds.

3.    The Contractor agrees that he does irrevocably designate and appoint the Employers mentioned in the Agreements establishing the various Carpenters Trust Funds along with representatives designated by the United General Contractors, Inc. and the Association as his attorney-in-fact, for the selection, removal and substitution of Trustees or Directors as provided by or pursuant to the Master Labor Agreement and Trust Agreements and By-Laws.

4.    The parties agree that the provisions of paragraphs 114 and 116 and 601.6 and the provisions relating to Existing and Other Agreements (Article XII) of the Master Labor Agreement will be excluded from this Memorandum Agreement and will not be binding upon the Contractor or the Carpenters' Unions.

5.    There has been established under this Agreement and the Master Labor Agreement, an Independent Contractors Grievance and Arbitration Trust. The Contractor and the Carpenters Union agree to submit all disputes, including jurisdictional disputes, concerning the interpretation or application of this Agreement and the Master Labor Agreement to arbitration under this Section 5, and the Contractor and the Carpenters Union agree that during the pendency of the grievance and arbitration procedure, the Carpenters' Unions will not strike or withdraw services and the Contractor will not engage in a lockout; provided, however, the Carpenters Union shall have the right to engage in a strike or withdrawal of services and the Contractor may engage in a lockout on a claimed violation of this Agreement or the Master Labor Agreement relating to the payment of wages or contributions to any Trust Fund referred to in this Agreement or failure to comply with a final and binding arbitration award, except as to any provision or arbitration award on subcontracting.

6.    The Contractor agrees that in the event the Contractor contracts or subcontracts any carpenter's work, and in the event that such subcontractor fails to pay the wages or the fringe benefits provided under the Agreements between the subcontractor and the Carpenters' Unions, then the Contractor will become liable for the payment of such sums incurred by the subcontractor, and such sums will immediately become due and payable by the Contractor. Such payments will be measured by the hours worked or paid for by the employees of the subcontractor. The Trustees of the Trust Funds referred to in the Master Labor Agreement and this Memorandum Agreement are expressly made third party beneficiaries of the Contractors' promise to make such payments. The Trustees of the Trust Fund referred to in the Master Labor Agreement and this Memorandum Agreement, will have the right to require any Contractor that is a party to this Memorandum Agreement, to post a cash or surety bond in an amount sufficient to safeguard the payment of Trust Fund Contributions that are required to be paid to the Trust Funds in accordance with the Master Labor Agreement.

EXHIBIT NO. _____1_____

PAGE NO. _____11_____

7.    Except as specifically excluded by this Memorandum Agreement, the Carpenters Union and the Contractor agree to abide by all the terms and conditions of the Master Labor Agreement and Trust Agreements and any amendments, modifications, changes, extensions and renewals, including changes in wages, benefits, term, coverage, geographic scope or any other changes to such agreements.

8.    Preservation of Unit Work:

(a)    In order to protect and preserve, for the employees covered by this Agreement, all work heretofore performed by them, and in order to prevent any device or subterfuge to avoid the protection and preservation of such work, it is hereby agreed as follows:  If and when the Contractor performs any on-site construction work of the type covered by this Agreement, under its own name or under the name of another, as a corporation, company, partnership, or any other business entity, including a joint venture, wherein the Contractor (including its officers, directors, owners, partners or stockholders) exercises either directly or indirectly (such as through family members) ownership, management or control, the terms and conditions of this Agreement will be applicable to all such work.

(b)    All charges of violations of Subsection (a) of this paragraph, will be considered as a dispute under this Agreement and will be processed in accordance with the procedures for the handling of grievances and the final binding resolution of disputes, as provided in this Agreement.  As a remedy for violations of this paragraph the arbitrator is empowered at the request of the Carpenters Union, to require an employer to (1) pay to affected employees covered by this Agreement, including registered applicants for employment, the equivalent of wages lost by such employees as a result of the violations, and (2) pay into the affected joint trust funds established under this Agreement any delinquent contributions to such funds which have resulted from the violations. Provisions for this remedy does not make such remedy the exclusive remedy for violations of this paragraph; nor does it make the same of other remedies unavailable to the Carpenters Union for violation of this paragraph.

(c)    If, as a result of violations of this paragraph 8, it is necessary for the Carpenters Union and/or the trustees of the joint trust funds to institute court action to enforce an award rendered in accordance with subsection (b), or to defend an action which seeks to vacate such award, the Contractor will pay any accountants' and attorneys' fees incurred by the Carpenters Union and/or fund trustees, plus cost of the litigation, which have resulted from the bringing of such court action.

(d)    If this paragraph 8 is declared to be unlawful, the parties will negotiate similar language that will give the Carpenters Union equivalent protection.

9.    The Contractor and the Carpenters Union expressly acknowledge that on the Contractor's current jobsite work, the Carpenters Union has the support of a majority of the employees performing work covered by this Agreement.  The Union has demanded and

3

FEB-18-2011 FRI 03:12 PM                    FAX NO.                              P. 05/07

the Contractor has recognized the Carpenters Union as the majority representative of its employees performing work covered by this Agreement. It is also acknowledged that the Union has provided, or has offered to provide, evidence of its status as the majority representative of the Contractor's employees. By this acknowledgment the parties intend to and are establishing a collective bargaining relationship under Section 9 of the National Labor Relations Act of 1947, as amended. The bargaining unit established by this Agreement and the Master Labor Agreement is accepted by the parties as an appropriate unit for collective bargaining purposes.

10.   Each individual Employer signatory hereto specifically waives any right that he or it may have to terminate, abrogate, repudiate or cancel this Agreement during its term or during the term of any future modifications, changes, amendments, supplements, extensions, or renewals of or to said Master Labor Agreement, or to file any petition before the National Labor Relations Board seeking to accomplish such termination, abrogation, cancellation or repudiation or to file a petition seeking clarification or redefinition of the bargaining unit covered by this Agreement.

11.   Notwithstanding any provision of the Master Labor Agreement or this Agreement, the individual employer agrees that upon a showing by the Union or any of its affiliates a majority of the individual employer's shop employees, if any, have designated the Union and/or any of its affiliates as their representative for collective bargaining purposes, the individual employer shall recognize the Union and/or its affiliates as the collective bargaining representative of its shop employees and shall forthwith comply with all wages, hours, terms and conditions of the then current Store Fixture Agreement for the term thereof. Proof of such majority representation shall be established by the submission of authorization cards to a neutral third person who shall compare the signatures with appropriate employer records. The individual employer shall fully cooperate in such review upon demand by the Union or any of its affiliates.

12.   The Contractor agrees that in the event it performs any work within the jurisdiction of the United Brotherhood of Carpenters in the geographical jurisdiction of the Southwestern Regional Council of Carpenters (State of Arizona, State of Nevada, State of New Mexico, State of Utah, 12 Southern California Counties) the Contractor shall perform all such work pursuant to the appropriate Carpenters Master Agreement for that area, including but not limited to the hiring hall and subcontracting requirements contained in said Agreements.

13.   This Memorandum Agreement shall remain in full force and effect for the period of the term of the Carpenters Master Labor Agreement between United General Contractors Association, Inc. (hereinafter the "Association") and the Southwest Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, dated July 1, 2006, and for the term of any successor Master Labor Agreement(s) and does hereby authorize the Association to represent the Contractor, unless either party shall give written notice by registered or certified mail to the other of desire to change or cancel this Memorandum Agreement at least sixty (60) days, but no earlier than ninety (90) days prior

4

EXHIBIT NO. 1
PAGE NO. 13

to June 30, 2012, or if such notice is not given, than at least sixty (60) days, but no earlier than ninety (90) days prior to the termination date of a successor Master Labor Agreement. All notices given by the Carpenters Union to the signatory Contractor Association to the Master Labor Agreement shall constitute sufficient notice to the Contractor by the Carpenters' Unions; provided, however, that a notice to the Contractor Association by either party shall not constitute sufficient notice of such intent not to be bound by a new Agreement or renewal or extension of the Master Labor Agreement and Trust Agreements.

Dated **Feb 7/2011**

**CONTRACTOR:**

**PAK's Cabinet**                          **C-652553**
Firm Name (Print **Exactly** as Listed with State License Board)    State License No.

BY _____     **NOSUNG PAK OWNER**
(Signature of Contractor)        (**Print name and title** of person signing)

**13156 SATICOY ST. No.Hollywood, CA. 91605**
Address            City,          State,       Zip

**323-873-5665  818.759-7879**           **9**
Phone Number    Fax Number   e-mail address    No. of Employees

Specific type of work you perform with your **OWN** work force:
**Cabinet/Installation**

General Contractor _____    Subcontractor **✓**    Both _____

**SOUTHWEST REGIONAL COUNCIL OF CARPENTERS**
MIKE McCARRON, Executive Secretary

BY _____     **Danny Garcia**
Signature of Authorized Union Representative    **Print Name and Local No.**
Memoagree2010
07-01-10

5

EXHIBIT NO. 1
PAGE NO. 14

## PAK'S CABINETS
### License #532553 (as of 08/13/2013)

#### CONTRIBUTIONS

| Delinquencies | REF # | H&W | PEN | VAC | DUES | APP | IND | GRV | CACM | CCCC | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/11-3/12 REG Audit findings | 20018 | $16,212.35 | $12,678.38 | $7,510.36 | $4,759.04 | $1,561.56 | $223.08 | $111.54 | $74.36 | $780.78 | $43,911.45 |
| TOTAL C's | | $16,212.35 | $12,678.38 | $7,510.36 | $4,759.04 | $1,561.56 | $223.08 | $111.54 | $74.36 | $780.78 | $43,911.45 |

#### LIQUIDATED DAMAGES

| Delinquencies | REF # | H&W | PEN | VAC | DUES | APP | IND | GRV | CACM | CCCC | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/11-3/12 REG Audit LD | 20018 | $1,621.24 | $1,267.84 | $1,226.94 | | $156.16 | | | | | $4,272.18 |
| 7/11 REG Late report LD | 2167 | $42.06 | $30.51 | $18.07 | $11.45 | $5.00 | | | | | $107.09 |
| 8/11 REG Late report LD | 4435 | $36.42 | $26.42 | $15.65 | $9.92 | $5.00 | | | | | $93.41 |
| TOTAL LDs | | $1,699.72 | $1,324.77 | $1,260.66 | $21.37 | $166.16 | | | | | $4,472.68 |

#### AUDIT FEES, INTEREST and BANK CHARGES

| Delinquencies | REF # | H&W | PEN | VAC | DUES | APP | IND | GRV | CACM | CCCC | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/11-3/12 REG Audit cost | 20018 | $776.00 | $776.00 | $776.00 | | | | | | | $2,328.00 |
| TOTAL FEEs | | $776.00 | $776.00 | $776.00 | | | | | | | $2,328.00 |

| Delinquencies | REF # | H&W | PEN | VAC | DUES | APP | IND | GRV | CACM | CCCC | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/11 *** Interest | | $72.41 | $91.31 | $20.22 | $18.55 | | | | | | $202.49 |
| 2/11-3/12 REG Audit interest | 20018 | $707.61 | $585.37 | $120.52 | | | | | | | $1,413.50 |
| 2/11 REG *** Interest | | $(72.41) | $(91.31) | $(20.22) | $(18.55) | $1.45 | | | | | $(202.49) |
| 3/11 *** Interest | | $100.46 | $118.05 | $28.85 | $25.03 | | | | | | $273.84 |
| 3/11 REG *** Interest | | $(100.46) | $(118.05) | $(28.85) | $(25.03) | $(1.45) | | | | | $(273.84) |
| 4/11 *** Interest | | $74.08 | $86.18 | $19.31 | $15.08 | $0.80 | | | | | $195.45 |
| 4/11 REG *** Interest | | $(74.08) | $(86.18) | $(19.31) | $(15.08) | $(0.80) | | | | | $(195.45) |
| TOTAL Interest | | $707.61 | $585.37 | $120.52 | | | | | | | $1,413.50 |

| GRAND TOTAL | | $19,395.68 | $15,364.52 | $9,667.54 | $4,780.41 | $1,727.72 | $223.08 | $111.54 | $74.36 | $780.78 | $52,125.63 |

EXHIBIT NO. 2

PAGE NO. 15

# SOUTHWEST CARPENTERS TRUSTS

### 533 South Fremont Avenue * Los Angeles, California 90071-1706

## AUDIT INVOICE

### REVISED

| | | | |
|---|---|---|---|
| Date | 05/21/12 | Hours Due | 3718.00 |
| Employer Name | Pak's Cabinets | Audit No. | 20018 |
| Audit Period: | 02/07/11   thru   03/31/12 | Lic. No. | 532553 |
| | | Auditor | YDuke/S.Avnaim |

| | | |
|---|---|---|
| **CARPENTERS' HEALTH & WELFARE TRUST** | | |
| Contributions Due | $ 16,212.35 | |
| Liquidated Damages | 1,621.24 | |
| Total Audit Findings for Health & Welfare Trust | | $ 17,833.59 |
| **CARPENTERS' PENSION TRUST** | | |
| Contributions Due | $ 12,678.38 | |
| Liquidated Damages | 1,267.84 | |
| Total Audit Findings for Pension Trust | | $ 13,946.22 |
| **CARPENTERS' VACATION PLAN** | | |
| Contributions Due | $ 7,510.36 | |
| Liquidated Damages (Vacation and Supplemental Dues) | 1,226.94 | |
| Total Audit Findings for Vacation Plan | | $ 8,737.30 |
| **CARPENTERS' SUPPLEMENTAL DUES** | | |
| Contributions Due | $ 4,759.04 | |
| Total Audit Findings for Dues | | $ 4,759.04 |
| **CARPENTERS' APPRENTICESHIP FUND** | | |
| Contributions Due | $ 1,561.56 | |
| Liquidated Damages | 156.16 | |
| Total Audit Findings for Apprenticeship Fund | | $ 1,717.72 |
| **CONSTRUCTION INDUSTRY ADVANCEMENT FUND** | | $ 223.08 |
| **INDEPENDENT CONTRACTORS GRIEVANCE AND ARBITRATION FUND** | | $ 111.54 |
| **CONTRACT ADMINISTRATION TRUST FUND FOR** | | |
| CARPENTERS-MANAGEMENT RELATIONS | | $ 74.36 |
| **CARPENTERS CONTRACTORS COOPERATION COMMITTEE** | | $ 780.78 |
| **ACOUSTICAL INDUSTRY ADVANCEMENT FUND** | | $ 0.00 |
| **CONTRACTORS RESIDENTIAL INDUSTRY FUND** | | $ 0.00 |
| **CARPENTERS-CONTRACTORS WORKERS' COMPENSATION FUND** | | $ 0.00 |

AUDIT FEES: H & W  776.00   PENSION  776.00   VACATION  776.00   $  2,328.00

| | |
|---|---|
| TOTAL AUDIT FINDINGS FOR ALL TRUSTS | $ 50,511.63 |
| INTEREST CHARGES | $ 1,413.50 |
| AUDIT SUB-TOTAL | $ 51,925.13 |

| | |
|---|---|
| UNPAID REPORTS/SHORTAGES: 2/2011, 3/2011 AND 4/20111 | $ 3,618.12 |
| BAD CHECKS | $ 0.00 |
| PREVIOUSLY ASSESSED LIQUIDATED DAMAGES/ INTEREST: | $ 1,991.15 |
| **TOTAL AMOUNT DUE** | $ 57,534.40 |

EXHIBIT NO. _____ 3 _____

PAGE NO. _____ 16 _____

# AUDIT REPORT

Pak's Cabinets
13156 Saticoy Street
North Hollywood, CA 91605

Lic #532553

AUDIT NO. 20018
FROM 02/07/11
Thru 03/31/12
Page 1 of 5 Pages

A = Actual Hours
R = Reported Hours
C = Claimed Hours

Journeyman

| NAME / Soc. Sec. No. | YEAR 2011 | JAN | FEB | MAR | APR | MAY | JUNE | JULY | AUG | SEPT | OCT | NOV | DEC | PAYROLL HOURS | OTHER HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Barron, Ignacio | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | 23 | 12 | | 310 | |
| Garcia, Matias | A | | 64 | 103.5 | 78 | 6 | 31 | 60 | 28 | 16 | | | 12 | | |
| | R | | 23 | 61.3 | 44 | 6 | 0 | 44 | 0 | 0 | | | 0 | 230 | |
| | C | | 41 | 45 | 32 | 8 | 31 | 16 | 28 | 19 | | | 12 | | |
| Gromnt, Agustin | A | | 133 | 104 | 100 | | 104 | 85 | 103.50 | 38 | | 23 | | | |
| | R | | 69 | 85 | 61 | | 32 | 44 | 46.00 | 0 | | 0 | | 407 | |
| | C | | 64 | 69 | 39 | | 72 | 39 | 62 | 39 | | 23 | | | |
| Garcilla, Ulices | A | | 82 | | | | | 21 | | | | | 12 | | |
| | R | | 28 | | | | | 0 | | | | | 0 | 60 | |
| | C | | 27 | | | | | 21 | | | | | 12 | | |
| Ju, Tae-In | A | | 68 | | | 28 | 89.50 | | | 8 | | | 12 | | |
| | R | | 5 | | | 22 | 32.00 | | | 0 | | | 0 | 89 | |
| | C | | 61 | | | 7 | 8 | | | 8 | | | 12 | | |
| Luna, Jose | A | | 86 | 86 | 90 | | 47 | 17 | 22 | 10 | | | | | |
| | R | | 27 | 43 | 38 | | 0 | 0 | 0 | 0 | | | | 168 | |
| | C | | 38 | 20 | 14 | | 47 | 17 | 22 | 10 | | | | | |
| Mancera, Ruben | A | | | | 66 | | | | | | | | | | |
| | R | | | | 44 | | | | | | | | | 24 | |
| | C | | | | 24 | | | | | | | | | | |
| Marquez, Francisco | A | | 33 | 40 | 27 | | | | | | | | | | |
| | R | | 0 | 8 | 0 | | | | | | | | | 63 | |
| | C | | 33 | 32 | 27 | | | | | | | | | | |
| Total hours this page | | | 300 | 186 | 171 | 15 | 224 | 119 | 166 | 116 | | 46 | 36 | 1377 | |

| SUMMARY | H&W | PENSION | VAC | DUES | APPR | ADV | GIREV | CACM | CDCC |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL HOURS ALL PAGES | 3,718.00 | 3,718.00 | 3,718.00 | 3,718.00 | 3,718.00 | 3,718.00 | 3,718.00 | 3,718.00 | 3,718.00 |
| TOTAL AMOUNT DUE | | | | | | | | | |
| OFFICE USE | | | | | | | | | |

EXHIBIT NO. 3
PAGE NO. 17

2:13-cv-07300-BRO/MAN   Document 1   Filed 10/02/13   Page 18 of 25   Page ID #:22

# CONTINUATION SHEET OF AUDIT REPORT

A = Actual Hours
R = Reported Hours
C = Claimed Hours

Pak's Cabinets
13180 Saticoy Street
North Hollywood, CA 91605

Lic #532553

Page 2 of 6 Pages

**YEAR 2011**

Journeyman

| NAME / Soc. Sec. No. | | JAN | FEB | MAR | APR | MAY | JUNE | JULY | AUG | SEPT | OCT | NOV | DEC | PAYROLL HOURS | OTHER HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Medina, Jose | A | | 31 | 62.50 | | | 39 | | | | | | | | |
| | R | | 0 | 34.50 | | | 0 | | | | | | | | |
| | C | | 31 | 28 | | | 39 | | | | | | | 98 | |
| Partida, Francisco | A | | 64 | 33 | | | 21 | 16 | | | | | | | |
| | R | | 62 | 16 | | | 0 | 0 | | | | | | | |
| | C | | 2 | 17 | | | 21 | 15 | | | | | | 55 | |
| Ruelas, Jesus | A | | | 40 | 21 | | 20 | 11 | | | | | | | |
| | R | | | 30 | 0 | | 0 | 0 | | | | | | | |
| | C | | | 10 | 13 | | 29 | 11 | | | | | | 63 | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| Total hours this page | | | 33 | 65 | 13 | | 89 | 26 | | | | | | 216 | |

EXHIBIT NO. 3
PAGE NO. 18

CONTINUATION SHEET OF AUDIT REPORT

A = Actual Hours
R = Reported Hours
C = Claimed Hours

Pak's Cabinets
13158 Saticoy Street
North Hollywood, CA 91605

Lic #532553

Page 3 of 5 Pages

**Journeyman**

YEAR 2012

| NAME Soc. Sec. No. | | JAN | FEB | MAR | APR | MAY | JUNE | JULY | AUG | SEPT | OCT | NOV | DEC | PAYROLL HOURS | OTHER HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Gromont, Agustin | A | | | 17 | | | | | | | | | | 17 | |
| | R | | | 0 | | | | | | | | | | | |
| | C | | | 17 | | | | | | | | | | | |
| Garcia, Matias | A | | | 11 | | | | | | | | | | 11 | |
| | R | | | 0 | | | | | | | | | | | |
| | C | | | 11 | | | | | | | | | | | |
| Ju, Tae-In | A | | | 28 | | | | | | | | | | 28 | |
| | R | | | 0 | | | | | | | | | | | |
| | C | | | 28 | | | | | | | | | | | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| | A | | | | | | | | | | | | | | |
| | R | | | | | | | | | | | | | | |
| | C | | | | | | | | | | | | | | |
| Total hours this page | | | | 56 | | | | | | | | | | 56 | |

CONTINUATION SHEET OF AUDIT REPORT

Pak's Cabinets
13156 Saticoy Street
North Hollywood, CA 91605

Lic #532553

**NOTE:** LABOR FOR THESE JOBS WAS CLAIMED AT 25%, THAT PERCENTAGE WAS DIVIDED BY THE APPROPRIATE CARPENTERS WAGE RATE OF 37.35.

Page 4 of 5 Pages

C = Claimed Hours

| NAME | YEAR 2011 | | JAN | FEB | MAR | APR | MAY | JUNE | JULY | AUG | SEPT | OCT | NOV | DEC | PAYROLL HOURS | OTHER HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Private jobs:** | | | | | | | | | | | | | | | | |
| 16530 Ventura Blvd #100 | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | 227 | | | | | | | | | | | 227 |
| 700 S. Flower T/I | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | 336 | | | | | | | | | | | 336 |
| 695 S. Vermont #5th | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | 35 | | | | | | | | | | | 35 |
| 12840 Riverside Dental Office | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | 224 | | | | | | 224 |
| 4500 Pacific Coast Highway #500 | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | 221 | | | | | 221 |
| 9210 Colima, Whittier | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | 89 | | | | | 89 |
| 811 Wilshire #9th bathroom | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | 14 | | | | | 14 |
| 3450 Wilshire #900 | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | 207 | | | | | 207 |
| Globo three clue breakroom | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | 13 | | | | 13 |
| | | C | | | | | | | | | | 13 | | | | |
| **Total hours this page** | | | | | 598 | | | | | 224 | 531 | 13 | | | | 1386 |

EXHIBIT NO. __13__
PAGE NO. __20__

CONTINUATION SHEET OF AUDIT REPORT

Pak's Cabinets
13156 Saticoy Street
North Hollywood, CA 91605

Lic #532553

**NOTE:** LABOR FOR THESE JOBS WAS CLAIMED AT 25%, THAT PERCENTAGE WAS DIVIDED BY THE APPROPRIATE CARPENTER'S WAGE RATE OF 37.35.

Page 5 of 5 Pages

C = Claimed Hours

| NAME | YEAR 2011 | | JAN | FEB | MAR | APR | MAY | JUNE | JULY | AUG | SEPT | OCT | NOV | DEC | PAYROLL HOURS | OTHER HOURS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| US Citizenship & Immigration Services. | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | | | 703 | | | 703 |
| | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | | | | | | |
| | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | | | | | | |
| | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | | | | | | |
| | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | | | | | | |
| | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | | | | | | |
| | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | | | | | | |
| | | A | | | | | | | | | | | | | | |
| | | R | | | | | | | | | | | | | | |
| | | C | | | | | | | | | | | | | | |
| Total hours this page | | | | | | | | | | | | | 703 | | | 703 |

EXHIBIT NO. 3
PAGE NO. 21

Name & Address:
Jodi Siegner, Bar #102884
Joshua Klugman, Bar #236905
DeCarlo & Shanley, a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, CA 90071-1706
Phone:213-488-4100 & Fax:213-488-4180

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Carpenters Southwest Administrative
Corporation, a California non-profit
corporation; and Board of Trustees for the
Carpenters Southwest Trusts,

                                    PLAINTIFF(S)
                        v.
No Sung Pak, individually and doing business
as Pak's Cabinet, a sole ownership, also
known as Pak's Cabinets; American
Contractors Indemnity Company, a California
corporation; and DOES 1 through 10,
inclusive,

                                    DEFENDANT(S).

CASE NUMBER

CV13-07300 JEM

**SUMMONS**

TO:   DEFENDANT(S): No Sung Pak, individually and doing business as Pak's Cabinet, a sole
                    ownership, also known as Pak's Cabinets; American Contractors
                    Indemnity Company, a Califoria corporation; and Does 1 through 10
      A lawsuit has been filed against you.

        Within ___21___ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, Jodi Siegner and Joshua Klugman_____, whose address is
533 S. Fremont Avenue, Ninth Floor, Los Angeles, CA  90071-1706_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                        Clerk, U.S. District Court

        OCT - 2 2013

    Dated: _____        By: _____
                                                    Deputy Clerk

                                                (Seal of the Court)

                                                        1227

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)]._

CV-01A (10/11)                                SUMMONS

Name & Address:
Jodi Siegner, Bar #102884
Joshua Klugman, Bar #236905
DeCarlo & Shanley, a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, CA 90071-1706
Phone:213-488-4100 & Fax:213-488-4180

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Carpenters Southwest Administrative
Corporation, a California non-profit
corporation; and Board of Trustees for the
Carpenters Southwest Trusts,

PLAINTIFF(S)

v.

No Sung Pak, individually and doing business
as Pak's Cabinet, a sole ownership, also
known as Pak's Cabinets; American
Contractors Indemnity Company, a California
corporation; and DOES 1 through 10,
inclusive,

DEFENDANT(S).

CASE NUMBER

CV13-07300 -JEM

SUMMONS

TO:   DEFENDANT(S): No Sung Pak, individually and doing business as Pak's Cabinet, a sole
      ownership, also known as Pak's Cabinets; American Contractors
      Indemnity Company, a California corporation; and Does 1 through 10
      A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, Jodi Siegner and Joshua Klugman_____, whose address is
533 S. Fremont Avenue, Ninth Floor, Los Angeles, CA  90071-1706_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                                Clerk, U.S. District Court

Dated: OCT - 2 2013
_____         By: _____  MARILYN DAVIS
                                                Deputy Clerk

                                                (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| Carpenters Southwest Administrative Corporation, a California non-profit corporation; and Board of Trustees for the Carpenters Southwest Trusts | No Sung Pak, individually and doing business as Pak's Cabinet, a sole ownership, also known as Pak's Cabinets, etc., et al., |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) **Jodi Siegner, #102884** | Attorneys (If Known) |
|---|---|
| Joshua Klugman, #236905 DeCarlo & Shanley, a Prof. Corporation 533 S. Fremont Ave., 9th Floor Los Angeles, CA 90071-1706 Phone: 213-488-4100 & Fax:213-488-4180 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ 52,125.63

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. 1132 (Section 502 of the Employee Retirement Income Security Act, as amended.) This is a civil action to collect delinquent fringe benefit contributions due under the provisions of a collective bargaining agreement and for damages for failur to pay contractors license bond

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☒ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ **CV13-07300**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) CIVIL COVER SHEET Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
  ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   **Date** October  1 , 2013
Jodi Siegner, DeCARLO & SHANLEY, Attorneys for Plaintiffs

  **Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |